UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| STERNE, AGEE & LEACH, INC., ) | |
| ) | |
| Plaintiff ) | |
| ) | |
| vs. ) | Civil Action No. 2:11-cv-02781-WMA |
| ) | |
| U.S. BANK, NATIONAL ) | |
| ASSOCIATION, et al., ) | |
| ) | |
| Defendants ) | |

MEMORANDUM OPINION

This matter comes before the court on report and recommendation (doc. 20) from the magistrate judge on the motion to remand filed by plaintiff (doc. 12). The action was originally filed in the Circuit Court of Jefferson County, Alabama. Defendants, U.S. Bank and U.S. Bancorp (Bancorp), removed it, claiming Bancorp was fraudulently joined. Plaintiff, Sterne, Agee & Leach, Inc. (Sterne Agee), filed the present motion to remand, denying the fraudulent joinder allegation. A report and recommendation was issued from the magistrate judge on September 28, 2012, recommending the denial of the motion to remand as well as the dismissal with prejudice of the action as against defendant Bancorp (doc. 20). Sterne Agee timely filed an objection to the report and recommendation (doc. 21). Defendants filed a response (doc. 23), to which Sterne Agee replied (doc. 24). The court heard oral arguments on the issue on November 16, 2012.

STANDARD OF REVIEW

The district court reviews *de novo* those parts of the report and recommendation to which a party objects. See 28 U.S.C. § 636(b)(1); Fed.R.Civ.P. 72(b)(3)("The district judge must

determine de novo any part of the magistrate judge's disposition that has been properly objected to."). The court may review the other parts of the report and recommendation for plain error or manifest injustice. *United States v. Slay*, 714 F.2d 1093, 1095 (11th Cir.1983)(*citing Nettles v. Wainwright*, 677 F.2d 404, 410 (11th Cir.1982)). "The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." Fed.R.Civ.P. 72(b)(3). The review here is *de novo*.

## STATEMENT OF PERTINENT FACTS

In 2004, U.S. Bank brought a separate lawsuit in the State of Washington. Sterne Agee was one of many defendants against which U.S. Bank asserted Washington State Securities Act claims. Though some of the defendants settled, the case against Sterne Agee proceeded to trial in 2006. A judgment as a matter of law was granted in favor of Sterne Agee. Though the Ninth Circuit reversed and remanded the case for further proceedings, a judgment was again entered in favor of Sterne Agee in 2009. The current action alleges that U.S. Bank and Bancorp (notably not a party to the previous action) maliciously prosecuted Sterne Agee. (Complaint at ¶¶ 31-32).

Removal of the current action was based on 28 U.S.C. §§ 1332, 1441 and 1446. The parties do not dispute that the amount in controversy exceeds $75,000. Sterne Agee, the plaintiff, is a Delaware corporation with its principal place of business in Birmingham, Alabama. Defendant U.S. Bank is a national banking association headquartered in Ohio. Defendant Bancorp is a bank holding corporation incorporated in Delaware with its principal place of business in Minnesota. Normally, Bancorp's presence as a defendant would destroy diversity since both Bancorp and Sterne Agee are Delaware corporations. However, the action may still be removed if Bancorp is fraudulently joined to this action. Defendants claim that Bancorp was not

involved whatsoever in the underlying lawsuit and should be dismissed.

Sterne Agee argues Bancorp was involved and is a proper defendant. In pertinent part, Sterne Agee alleges the following involvement by Bancorp:

> 3. . . . Bancorp is a holding company which owns and controls USB [U.S. Bank], and also directly or indirectly owns and controls US Bancorp Investments, Inc. (USBI), a Delaware corporation qualified to do business (and doing business) in Alabama, and US Bancorp Insurance Services LLC (USBIS), a Wisconsin limited liability company qualified to do business (and doing business) in Alabama. On information and belief, Bancorp, directly and through its several Alabama-qualified, controlled subsidiaries, does business in Alabama and Jefferson County. Bancorp and USB are routinely represented by the same law firm, headquartered in Minneapolis, which was also handling the withinmentioned USB Indemnification Suit, and Bancorp's general counsel, who was involved in events connected with the USB Indemnification Suit, is a former partner of said outside law firm.
>
> 4. As further alleged below, USB, acting in concert with and ultimately for the benefit of Bancorp, committed torts against Plaintiff directed against Plaintiff in this State and County, and which injured and had their impact upon Plaintiff in this State and County.

(Complaint at ¶¶ 3-4). Sterne Agee also alleges that the Washington lawsuit against it was undertaken

> on information and belief through one or more senior officers of Bancorp acting in concert and conspiracy with Bancorp (including Bancorp's Executive Vice President and General Counsel, Lee Mitau,) hatched a plan to shift responsibility for USB's own misconduct onto SAL, . . . via filing meritless litigation against SAL to obtain full indemnity (not contribution) in violation of public policy from SAL for USB's own misconduct.

(Complaint at ¶ 12).

Sterne Agee claims that Bancorp "on information and belief joined in, encouraged or aided and abetted" U.S. Bank during the course of the Washington lawsuit. (Complaint at ¶ 20). Sterne Agee contends that

> USB, on information and belief employing the help and assistance of one or more

3

> Bancorp officers and acting for the ultimate benefit of Bancorp, and acting in concert and conspiracy with Bancorp, engaged in a lengthy and deliberate process to use its influence and relations with a key witness' employer, and/or pressure, and to use witness coaching methods (including misrepresentations made to the witness), so as to cause a key witness John Goetz ("Goetz") (the Cincinnati, Ohio-based investment adviser to Holders) to change his testimony for the second trial, from that which he had given which was admitted in the first trial. The major Holder, Western Southern, is and has been during the relevant time period a so-called "Product Partner" of USBI (a major Bancorp subsidiary), and on information and belief Bancorp (directly and/or through its various subsidiaries) has done substantial business with Western Southern, and has a material relationship with Western Southern, as a result. As part of such plan and project to make Goetz change his testimony, USB officials in Minneapolis (including Scott Strodthoff) communicated with representatives of the Holders and of Goetz, and then met with him in Cincinnati, Ohio.

(Complaint at ¶ 20(h)). Among the other actions alleged by Sterne Agee based upon its "information and belief" is that "Bancorp, which stood ultimately to benefit financially from the USB Indemnification Suit, acted in concert or conspiracy with USB and out of malice, in initiating and continuing the USB Indemnification Suit." (Complaint at ¶ 32). Sterne Agee asserts that it was damaged in excess of $1.8 million as a proximate consequences of USB's bringing, with Bancorp's aid, the Washington suit. (Complaint at ¶ 34).

## LEGAL STANDARD

A civil action brought in a state court may be removed to federal court for either diversity or federal question jurisdiction. 28 U.S.C. § 1441(a). Diversity jurisdiction requires complete diversity between the parties. *See Strawbridge v. Curtiss*, 7 U.S. (3 Cranch) 267, 267 (1806). Fraudulent joinder occurs when plaintiff has named a defendant that destroys the complete diversity "'solely in order to defeat federal diversity jurisdiction.'" *Stillwell v. Allstate Ins. Co.*, 663 F.3d 1329, 1332 (11th Cir. 2011) (*quoting Henderson v. Washington Nat. Ins. Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006)). Then, "'the district court must ignore the presence of the non-

4

diverse defendant and deny any motion to remand the matter back to state court.'" *Id*.

The removing party has the burden of establishing fraudulent joinder by clear and convincing evidence. *Id*; *See Parks v. New York Times Co.*, 308 F.2d 474, 478 (5th Cir. 1962).[1] They must prove either: "(1) there is no possibility the plaintiff can establish a cause of action against the resident defendant; or (2) the plaintiff has fraudulently pled jurisdictional facts to bring the resident defendant into state court." *Crowe v. Coleman*, 113 F.3d 1536, 1538 (11th Cir. 1997).

## ANALYSIS

Defendants agree that Sterne Agee has not engaged in actual fraudulent pleading. Rather, defendants claim there is no possibility that Sterne Agee can maintain the tort of malicious prosecution against Bancorp. This court can deny the motion to remand only if there is *no possibility* that Sterne Agee could maintain its cause action against Bancorp in Alabama state court. *See Henderson*, 454 F.3d at 1281-1282.

A. Choice of State Law

The first issue that a state court judge would have to decide is whether Alabama or Washington state law applies to this claim of civil malicious prosecution. This is a critical issue because of the highly relevant differences in the tort between the two states. In Alabama,

> [in] order for a claim of malicious prosecution to be submitted to a jury, the trial court must determine that the plaintiff has presented substantial evidence of the following elements: (1) that the present defendant instituted a prior judicial proceeding against the present plaintiff; (2) that in instituting the prior proceeding the present defendant acted without probable cause and with malice; (3) that the prior

---

[1] The Eleventh Circuit has adopted as binding precedent all decisions of the former Fifth Circuit rendered prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1207 (11th Cir. 1981) (en banc).

>proceeding ended in favor of the present plaintiff; and (4) that the present plaintiff was damaged as a result of the prior proceeding.

*Downing v. Halcyon Oaks Homeowners Ass'n, Inc.*, 96 So.3d 818, 824 (Ala. Civ. App. 2012) (*quoting Wal-Mart Stores, Inc. v. Goodman*, 789 So.2d 166, 174 (Ala. 2000). Alabama law does not require such an arrest or a seizure of property to occur. *Peerson v. Ashcroft Cotton Mills*, 78 So. 204, 205 (Ala. 1917). Washington state law, though similar to Alabama's elements, does require the plaintiff to "allege and submit proof of arrest of his person or *seizure of his property*." *Gem Trading Co., Inc. v. Cudahy Corp.*, 588 P.2d 1222, 1225 (Wash. App. 1978) (emphasis added). Sterne Agee admits, and all parties agree, that no arrest or seizure of property occurred in the instant case. Therefore, the court must ask if there is any possibility that an Alabama state court judge could find that Alabama law defines the tort and controls the claim.

When analyzing a tort under choice of law principles, Alabama law follows *lex loci delecti*. This means "an Alabama court will determine the substantive rights of an injured party according to the law of the state *where the injury occurred*." *Lifestar Response of Alabama, Inc. v. Admiral Ins. Co.*, 17 So.3d 200, 213 (*citing Fitts v. Minnesota Mining & Mfg. Co.*, 581 So.2d 819 (Ala. 1991)) (emphasis added). A state court judge would recognize that the underlying civil action for this alleged malicious prosecution occurred in Washington state. However, the judge would also hear Sterne Agee's argument that its injury consists of the attorneys' fees and costs of the Washington litigation, which occurred in Alabama, where its attorneys are located. There is a distinct possibility that the state court would decide that Sterne Agee's characterization of the injury as an Alabama suit is accurate and accordingly apply Alabama law. For this court to decide otherwise would be to invade the sacrosanct province of the state court under the

principles of federalism.

B. Realistic Possibility of a Maintainable Cause of Action

Because there is a possibility that a state court judge could apply Alabama law to the tort in question, this court must next ask whether there is any realistic possibility that the state court could find that Sterne Agee states a legitimate claim for malicious prosecution against Bancorp under Alabama law. *See Henderson*, 454 F.3d at 1281-1282.

Alabama employs a notice pleading standard, which notably does not incorporate *Iqbal* or *Twombly* pleading standards. *See Thomas v. Williams*, 21 So. 3d 1234, 1236 n. 1 (Ala. Civ. App. 2008) (refusing to apply T*wombly* to state court pleading standards). Notice pleading must "provide defendants adequate notice of the claims against them." *Ex parte International Ref. & Mfg. Co.*, 972 So. 2d 784, 789 (Ala. 2007); *See also* Ala. R. Civ. P. R. 8, Committee Comments ("the prime purpose of pleadings is to give notice."). The standard for notice pleading is considered met "if the claim for relief gives to the opponent fair notice of the pleader's claim and the grounds upon which it rests. *The discovery process bears the burden of filling in the factual details*." *McKelvin v. Smith*, 85 So. 3d 386, 389 (Ala. Civ. App. 2010) (internal citations omitted) (emphasis added). While federal pleading standards under *Iqbal* may require "sufficient factual matter . . . [for] facial plausibility", an Alabama complaint cannot be dismissed "if the pleading contains even a generalized statement of facts which will support a claim for relief." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009); *McKelvin,* 85 So. 3d at 389 (quoting *Simpson v. Jones*, 460 So. 2d 1282, 1285 (Ala. 1984)).

The Alabama state law elements require the plaintiff to show: 1) that the defendant "instituted a prior judicial proceeding" against it, 2) the defendant acted "without probable case

and with malice," 3) "the prior proceeding ended in favor of the present plaintiff," and 4) damages. *Downing*, 96 So.3d at 824. The third and fourth elements are presumptively met, and the parties have not argued otherwise. The first hurdle Sterne Agee would have to leap is to prove that Bancorp was sufficiently involved in the prior Washington proceeding. Under Alabama law, a defendant who "merely gives the district attorney's office information regarding an alleged crime, leaving the decision to prosecute entirely to the uncontrolled discretion of the district attorney" is not considered to have "instigated" the prosecution. *Alabama Power Co. v. Neighbors*, 402 So.2d 958, 962 (Ala. 1981). However, Alabama recognizes claims where the defendant was more involved than merely providing information about a potential crime. The law is clear that if one "corruptly or oppressively brings about the indictment or prosecution of another maliciously and without probable cause . . . by fraud, perjury, subordination, or by the willful suppression of known material facts, the intentional thwarting of a fair investigation," the defendant is potentially liable for malicious prosecution, even if it did not personally prosecute the prior suit. *Dismukes v. Trivers Clothing Co.*, 127 So. 188, 190 (Ala. 1930); *See also Shoney's Inc. v. Barnett*, 773 So.2d 1015, 1023 (Ala. Civ. App. 1999). Therefore, proving a defendant, who was not a named plaintiff in the original case, instigated or encouraged the proceeding involves proving some sort of malice or misrepresentation, which ties with the second element of the malicious prosecution tort.

     Accompanying its motion, Sterne Agee attempts to illustrate Bancorp's involvement in the prior litigation by presenting a letter and handwritten notes.. (Doc. 20, at 10-11). Without this "evidence," Sterne Agee's complaint specifically alleges "witness-coaching methods (including misrepresentations made to a witness), so as to cause a key witness . . . to change his testimony."

(Complaint at ¶ 20(h)). Furthermore, Defendants concede that U.S. Bank is a subsidiary of Bancorp, a fact that presents an unresolved question of Alabama law. While this court will not weigh the evidence to decide whether these elements would be ultimately met, it recognizes that sufficient evidence exists on which a state law judge could, when construing the complaint in favor of the plaintiff, decide the complaint supports a claim for relief and survives a motion to dismiss.

## CONCLUSION

Because defendants have not met their burden of proving that there is "no possibility the plaintiff can establish a cause of action" against Bancorp under Alabama state law, fraudulent joinder has not been proven. *Crowe,* 113 F.3d at 1538. Because Bancorp was properly joined, complete diversity does not exist, and the court must reject the report and recommendation of the magistrate judge and remand the case to the state court. A separate appropriate order will be entered.

DONE this 30th day of November, 2012.

_____
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE